UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIERRE SMART,

    Petitioner,                                                Civil No. 08-CV-14054

v.                                                          HONORABLE AVERN COHN

KEN ROMANOWSKI,

    Respondent,
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Kierre Smart ("Petitioner") is a state inmate at the Mound Road Correctional Facility in Detroit, Michigan, where he is serving a prison sentence of 100 months to 20 years for possession with intent to deliver between 50 and 449 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iii); a concurrent 1 to 5 years for felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and a consecutive 2 years for possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Petitioner has filed a pro se petition for a writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's Office, filed a response, arguing that Petitioner's claims are procedurally defaulted and/or lack merit. For the reasons that follow, the petition will be denied.

## II. Procedural History

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court.

Petitioner filed an appeal by right with the Michigan Court of Appeals, in which he presented the four issues raised in this petition. The Michigan Court of Appeals affirmed petitioner's conviction. People v. Smart, No. 263435, 2006 WL 3826974, at *4 (Mich. Ct. App. Dec. 28, 2006) (per curiam). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, in which he raised the same four issues. The Michigan Supreme Court denied leave to appeal. People v. Smart, 732 N.W.2d 908 (Mich. 2007).

Petitioner then filed the present application for a writ of habeas corpus, seeking relief on the following four grounds:

> I. Petitioner's Fourteenth Amendment rights were violated because insufficient evidence existed to support his conviction.
>
> II. Petitioner's Sixth Amendment right of confrontation was violated because he was unable to cross-examine a witness' incriminating statements.
>
> III. Petitioner was denied a full and fair opportunity to have an evidentiary hearing on a falsified affidavit that led to an illegal search warrant.
>
> IV. Petitioner's counsel was ineffective for allowing the search warrant and affidavit to go unchallenged.

## III. Facts

The material facts leading to Petitioner's conviction are recited verbatim from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. See Monroe v. Smith, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

> On August 3, 2004, Detroit Police Officer LaMar Penn, acting on an anonymous tip that narcotics were being sold out of a house at 20027 Annott in Detroit, performed surveillance at that location. Penn observed defendant

come out of the house with a black duffle bag; defendant handed the bag to a man who was sitting in a burgundy LaSabre in the driveway. The man gave defendant a stack of U.S. currency that appeared to be approximately three inches thick, and defendant went back into the house. Based on this and other information concerning the license numbers of vehicles at the location, Penn obtained a search warrant for the home.

During execution of the search warrant two days later, police officers seized a garbage bag box from the top of the refrigerator in the kitchen; the box contained a .30-caliber revolver with five live rounds and narcotics paraphernalia in the form of a small, black scale and numerous one-by-one-inch baggies. A Remington .35-caliber pump rifle was discovered on the wall in the basement of the home. Two dressers in the northeast bedroom in the house contained men's and women's clothing. In the top drawer of one of the dressers, officers found two large uncut chunks of cocaine, along with approximately 105 Ziploc baggies containing cut cocaine. The drawer also contained proof of residence in the form of pictures of defendant, Sears Portrait Studio pictures of defendant, a baby, and a woman, and mail addressed to defendant. A nine-millimeter handgun and a magazine containing ten live rounds were confiscated from underneath the mattress in the bedroom.

Smart, 2006 WL 3826974, at * 1.

## IV. Analysis

### A. Standard of Review

Federal habeas review of a state court decision is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Dyer v. Bowlen, 465 F.3d 280, 284 (6th Cir. 2006). Under the AEDPA,

> an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). An "unreasonable application" occurs when "the state court identifies the correct governing legal principle from [a Supreme Court] decision but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

### B. Insufficiency of Evidence Claim

Petitioner contends that there was insufficient evidence to convict him because there was no direct evidence of cocaine or firearm possession. Petitioner claims that the evidence was circumstantial and, citing Newman v. Metrish, 543 F.3d 793 (6th Cir. 2008) (granting habeas relief on insufficiency of evidence grounds), contends that the evidence amounts to reasonable speculation, which is insufficient to uphold a conviction.

An habeas court reviews a claim that the evidence at trial was insufficient for a conviction by asking "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Scott v. Mitchell, 209 F.3d 854, 885 (6th Cir. 2000) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "Because a claim of insufficiency of the

4

evidence presents a mixed question of law and fact, [the] court must determine whether the state court's application of the Jackson standard was reasonable." Dell v. Straub, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002).  In other words, "where the evidence taken in the light most favorable to the prosecution creates only a reasonable speculation that a defendant was present at the crime" the standard is not met.  Newman, 543 F.3d at 797.

Further, "federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." Marshall v. Lonberger, 459 U.S. 422, 434 (1983).  "It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony." Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003) (citing Neal v. Morris, 972 F.2d 675, 679 (6th Cir.1992)).  "An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims."  Id. (citing Gall v. Parker, 231 F.3d 265, 286 (6th Cir.2000)).

Under Michigan law, the elements of possession with intent to deliver between 50 and 449 grams of cocaine are: "(1) the recovered substance is cocaine, (2) the mixture weighs between 50 and 449 grams, (3) the defendant was not authorized to possess the cocaine, and (4) the defendant knowingly possessed the substance with the intent to deliver."  People v. Johnican, 2009 WL 1222153, at *1 (Mich. Ct. App. May 5, 2009) (citing People v. Crawford, 582 N.W.2d 785 (Mich. 1998)).  To prove the offense of felon in possession of a firearm, the prosecution must establish that 1) the defendant was convicted of a felony, 2) defendant possessed a firearm, and 3) at the time of possession, less than three to five years had passed since time of incarceration, satisfaction of probation or parole conditions, and payment of fines.  Parker v. Renico, 506 F.3d 444, 448

(6th Cir. 2007) (citing Mich. Comp. Laws § 750.224f).  The elements of felony-firearm are that the defendant "possessed a firearm while committing, or attempting to commit, a felony."  Id. (citing Mich. Comp. Laws § 750.227b).

Here, Petitioner challenges the sufficiency of evidence related to the possession charges, claiming that no direct evidence exists.  However, "[u]nder Michigan law, either physical possession or 'constructive possession will suffice' to establish this element of the offenses."  Cannon v. Lafler, 2007 WL 2728547, at *2 (6th Cir.  Sept. 19, 2007) (citing People v. Johnson, 647 N.W.2d 480, 486 (Mich. 2002)); People v. Wolfe, 489 N.W.2d 748, 753 (Mich. 1992).  "Constructive possession exists when the totality of the circumstances indicates a sufficient nexus between defendant and the contraband, which the government may show by establishing that the defendant has the right to exercise control over the controlled substances and knows of their presence.  Id. (internal citations omitted).

Similarly, "[p]ossession of a firearm under Michigan law can be either actual or constructive."  Parker, 506 F.3d at 448 (citing People v. Hill, 446 N.W.2d 140, 143 (Mich.1989)).  As stated by the Michigan Supreme Court, "a defendant has constructive possession of a firearm if the location of the weapon is known [to defendant] and it is reasonably accessible to [him].  Physical possession is not necessary as long as the defendant has constructive possession." People v. Burgenmeyer, 606 N.W.2d 645, 648 (Mich. 2000).

As previously noted, Petitioner was under surveillance because an anonymous tip alerted the police to Petitioner's suspected drug selling: Petitioner was seen exiting a house with a black duffel bag, handing the duffel bag to a man in exchange for an approximate three inch thick stack of currency, and then re-entering the house from which

he originally came. Based on this observation, along with corroboration of vehicle license numbers at the location and Petitioner's prior drug convictions, a search warrant was obtained to search the home. Although Petitioner was not present when the search warrant was executed, cocaine was found in a bedroom that contained men's clothing. Particularly, the cocaine was found in a drawer that contained pictures of Petitioner and four mail items addressed to him at that address. Finally, a firearm was found underneath the mattress in the bedroom.

On review, the Court of Appeals applied the Jackson standard and found that there was a sufficient evidentiary nexus between Petitioner and the cocaine and firearm to maintain Petitioner's conviction: the evidence showed that Petitioner resided at the home, and it displayed a reasonable inference that petitioner possessed the cocaine and firearm found on the premises. Thus, the Jackson standard was met. See Cannon, 2007 WL 2728547, at *4-5.

Further, because the court's application of the Jackson standard showed sufficient evidence linking Petitioner to the cocaine and firearm, Petitioner's "reasonable speculation" argument fails. In Newman, the case turned on the fact that no evidence existed that placed the petitioner at the scene of the crime. 543 F.3d at 797. Here, the surveillance showed Petitioner involved in what appeared to be a drug transaction at the house where evidence also showed he resided. Thus, in contrast to Newman, there is sufficient evidence that Petitioner was present at the scene of the crime. Petitioner's argument fails and he is not entitled to relief on these grounds.

### B. Confrontation Clause Claim

Petitioner contends that his Sixth Amendment right of confrontation was violated

because he was not able to cross-examine his girlfriend regarding statements that she made to police to the effect that the cocaine belonged to Petitioner and that he left the home fifteen minutes before the search warrant was executed.  Petitioner also objects to the officer testimony of the girlfriend's statements as inadmissible hearsay.

The constitutional right to confront adverse witnesses generally prevents a court from admitting out-of-court statements against a criminal defendant.  See California v. Green, 399 U.S. 149, 155-58 (1970) ("[H]earsay rules and the Confrontation Clause are generally designed to protect similar values.").  However, Sixth Amendment protections are not so broad as to exclude the admission of all hearsay statements against a criminal defendant despite his inability to confront the declarant at trial.  Id. ("It is quite a different thing to suggest that the overlap is complete and that the Confrontation Clause is nothing more or less than a codification of the rules of hearsay.").  See also Maryland v. Craig, 497 U.S. 836, 847-48 (1990) ("[W]e have repeatedly held that the [Confrontation] Clause permits, where necessary, the admission of certain hearsay statements against a defendant despite the defendant's inability to confront the declarant at trial.").

Under Michigan law, "error requiring reversal cannot be error to which the aggrieved party contributed by plan or negligence." People v. Gonzalez, 663 N.W.2d 499, 508 (Mich. App. 2003) (finding no error on confrontation clause appeal because defense counsel elicited complained of witness testimony), disapproved in part on other grounds, 469 Mich. 967 (2003).  "[W]hen a party invites the error, he waives his right to appellate review, and any error is extinguished." People v. Jones, 662 N.W.2d 376, 380 (Mich. 2003).

Here, it is true that the statements made by Petitioner's girlfriend were presented to the jury by a testifying officer.  Critically, however, it was Petitioner's counsel, not the

prosecution, that elicited the statements in question from the officer. In other words, the statements underlying Petitioner's habeas claim were elicited as part of a trial strategy, employed during cross-examination and closing arguments, to discredit the police investigation.

Because Petitioner elicited the statements from the officer, he waived his right to charge error. Thus, his confrontation clause claim is precluded. See Gonzalez, 663 N.W.2d at 508. Further, "[Petitioner] is not entitled to habeas relief unless he can establish that th[e] trial error resulted in actual prejudice." Ford v. Curtis, 277 F.3d 806, 809 (6th Cir. 2002) (affirming denial of habeas relief because admission of hearsay statements was harmless error) (internal citations omitted).

Even if Petitioner's claim was not waived, the statements did not have a "harmful or injurious effect on the fundamental fairness of the trial," Ford, 277 F.3d at 810-11, because there was sufficient evidence showing that Petitioner resided in the home and constructively possessed the cocaine, independent from his girlfriend's statements. Thus, Petitioner's confrontation claim lacks merit and he is not entitled to relief.

### C. Fourth Amendment Claim

Petitioner contends that his Fourth Amendment rights were violated. He argues that an illegal search was performed and that the evidence that led to his arrest should have been suppressed as fruit of the poisonous tree. Petitioner contends that he is entitled to habeas relief as a result of this purported violation.

A federal habeas review of a petitioner's arrest or search by a police officer is barred "where the [s]tate provided for full and fair litigation of a Fourth Amendment claim." Stone v. Powell, 428 U.S. 465, 494 (1976); Machacek v. Hofbauer, 213 F.3d 947, 952 (6th

Cir. 2000). Specifically, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. See id. "The opportunity to litigate encompasses more than an evidentiary hearing in the trial court." Marshall v. White, 2006 WL 1791383, at *5 (E.D. Mich. June 27, 2006). It also includes corrective action available through the trial and appellate process on direct review of the conviction. Machacek, 213 F.3d at 952 (Fourth Amendment habeas claim not cognizable because claims were carefully "considered and rejected" at the Michigan trial and appellate levels).

"Michigan [law] has a procedural mechanism that presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." Kelley v. Jackson, 353 F. Supp. 2d 887, 893 (E.D. Mich. 2005) (citing People v. Ferguson, 135 N.W.2d 357, 359 (Mich. 1965) (Fourth Amendment claims may be raised by filing a pre-trial motion to suppress)). Michigan appellate courts also provide a mechanism to review Fourth Amendment claims when it appears the evidence in question affected the outcome of the trial. Kelley, 353 F. Supp. 2d at 893 (The Michigan Court of Appeals concluded that Petitioner had failed to properly raise the issue, reviewed the claim for plain error, and denied relief).

Here, Petitioner did not object to the validity to the affidavit and subsequent search warrant in the trial court. Rather, he first asserted a Fourth Amendment claim at the appellate level. On appeal, the Court of Appeals held that the issue was not preserved for review, however, like Kelley, the court reviewed Petitioner's claim under the plain error standard, and denied relief.

Thus, "it is clear that the Michigan courts were cognizant of Petitioner's Fourth

Amendment claim and that he received all the process he was due." See Kelley, 353 F. Supp. 2d at 893. Petitioner's claim is not cognizable and he is not entitled to relief.

### D. Ineffective Assistance of Counsel Claims

Petitioner contends that his counsel was ineffective for failing to challenge the search warrant and for failing to request an evidentiary hearing on the validity of the search warrant affidavit. "To prevail on his claim, Petitioner must show that the state court's conclusion regarding his claim was contrary to, or an unreasonable application of, Strickland v. Washington, 466 U.S. 668 (1984)." Cathron v. Jones, 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). "Strickland established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense." Id. (citing Strickland, 466 U.S. at 687). With respect to the first prong, "judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. The habeas court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. Finally, the petitioner bears the burden of overcoming the presumption that the challenged actions "might be considered sound trial strategy." Id. at 689 (citing Michel v. Louisiana, 350 U.S. 91, 101(1955)).

Further, "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). Thus,

"[Fourth Amendment and Sixth Amendment ineffective counsel] claims have separate identities and reflect different constitutional values." Id.

### I. The Fourth Amendment Ineffective Assistance of Counsel Claim

The gravamen of Petitioner's claim is that his counsel was deficient for failing to move to suppress the search warrant on probable cause grounds, and for failing to request an evidentiary hearing. Thus, under Kimmelman, Petitioner must first prove "that his Fourth Amendment claim is meritorious and [if so,] that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Id.

A search warrant is valid and supported by probable cause if "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). Additionally, "an anonymous tip that is corroborated by independent police work may be sufficient to establish probable cause." United States v. Yarbrough, 2007 WL 4553687, at *4 (6th Cir. Dec. 20, 2007) (citing Gates, 462 U.S. at 243-44). Finally, "a defendant's status as a drug dealer, standing alone, does not give rise to a fair probability that drugs will be found in defendant's home." United States v. Berry, 565 F.3d 332, 339 (6th Cir. 2009). However, "status as a drug dealer plus observation of drug activity near defendant's home is sufficient to establish probable cause to search the home." Id.

Here, the magistrate relied on an anonymous tip reporting that Petitioner was selling drugs, surveillance that corroborated the tip, confirmation of vehicle license numbers at the location, and Petitioner's criminal history to conclude that there was a "fair probability that contraband or evidence of a crime would be found" on the premises that

12

petitioner was seen exiting and entering. See Gates, 462 U.S. at 238. Thus, the search warrant was clearly supported by probable cause and Petitioner's argument that his counsel was ineffective for failing to file a motion to suppress it is without merit.

Further, Petitioner's argument that his counsel was ineffective for failing to challenge the inclusion of his criminal history on the affidavit is also without merit because Petitioner's "drug dealer status" was within the legal bounds of probable cause analysis. See Berry, 565 F.3d at 339.

Finally, Petitioner's counsel was not ineffective for failing to challenge the search warrant affidavit. Specifically, Petitioner asserts that it lacked credibility because the driveway referred to in the affidavit did not belong to the house under surveillance. However, this contention has not been proven by the photographs, or any evidence, on the record. Even if it had been proven, this fact would not have precluded a finding of probable cause because the driveway was not the critical factor in finding probable cause: the critical factors were the anonymous tip, the apparent drug transaction, the vehicle ownership, and Petitioner's criminal past. Additionally, the affidavit referred to the driveway for general, descriptive purposes – referring to it as "the driveway" – and it never relied on it to connect the driveway and the house for purposes of obtaining the search warrant.

Thus, any discrepancies with the driveway, even if they do exist, are irrelevant for purposes of finding probable cause and affidavit credibility, and the Petitioner's argument that counsel was ineffective for failing to challenge the affidavit on these grounds fails.

Petitioner did not prove that a motion to suppress the search warrant would have

13

been meritorious. Thus, under Kimmelman, because Petitioner's Fourth Amendment claim is without merit, he cannot show he was prejudiced on these grounds and his claim fails. See Kaufman v. Michigan Parole Bd., 2007 WL 1562786, at *13 (E.D. Mich. May 29, 2007) (denying habeas relief on ineffective counsel grounds because Fourth Amendment claim lacked merit).

### ii. The Sixth Amendment Ineffective Assistance of Counsel Claim

Petitioner claims that he has met the standard under Strickland because "the record is sufficiently developed on [counsel's] failure to seek suppression and/or an evidentiary hearing." The Court of Appeals, however, found Petitioner's claim to be meritless because a "trial counsel is not ineffective for failing to make a futile motion or argument." Because it is reasonable to conclude that Petitioner's counsel made a "sound trial strategy" by not advancing Petitioner's illegal search argument, it cannot be said that Petitioner's counsel acted "outside the range of professionally competent assistance," as required to overcome the first element of the Strickland test. 466 U.S. at 690.

Thus, Petitioner's ineffective assistance of counsel claim is meritless.

### V. Conclusion

For the reasons stated above, the petition for writ of habeas corpus is DENIED and the case is DISMISSED.

SO ORDERED.

    s/ Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2009

I hereby certify that a copy of the foregoing document was mailed to Kierre Smart 453714, Mound Correctional Facility, 17601 Mound Road, Detroit, MI 48212 the attorneys of record on this date, July 14, 2009, by electronic and/or ordinary mail.

    s/ Julie Owens
Case Manager, (313) 234-5160